USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/12/05

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

URBAN BOX OFFICE NETWORK, INC.,

                Plaintiff,

-v-

                No. 01 Civ. 8854 (LTS)(THK)

INTERFASE MANAGERS, L.P., et al.,

                Defendants.

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM ORDER

On January 27, 2004, this Court referred this breach of contract action to Magistrate Judge Theodore H. Katz for general pretrial supervision. Magistrate Judge Katz issued a Memorandum Opinion and Order ("Order") in this action on October 19, 2004, granting Plaintiff Urban Box Office Network, Inc.'s ("UBO" or "Plaintiff") motion to compel the production of certain documents Defendants alleged to be protected under the attorney-client privilege. Defendants Scott J. Hyten, Interfase Managers, L.P., Eco Opportunity Fund, L.P., Capstar Interfase Media, L.P., Interfase Management, L.P., Interfase Managers, L.L.C., Interfase Capital, L.P., and Interfase Capital Partners (collectively "Defendants"), object to the Order, arguing that Magistrate Judge Katz improperly found that Defendants voluntarily waived the attorney-client privilege, and that the Order should be stayed pending resolution of Defendants' objections. After a thorough review of the Order, the Court finds that Magistrate Judge Katz's findings were neither clearly erroneous nor contrary to law.

Standard of Review

If a party timely objects to a magistrate judge's order regarding non-dispositive matters, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also, 28 U.S.C.A. § 636(b)(1)(A) (West 2002) (the "judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). The magistrate judge's findings may be considered "clearly erroneous" where "'on the entire evidence,' the [district court] is 'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234, 243 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Further, since this standard of review is "highly deferential[,] . . . magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." Derthick v. Bassett-Walker, Inc., Nos. 90 Civ. 5427(JMC), 90 Civ. 7479(JMC), & 90 Civ. 3845(JMC), 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992).

The Order Did Not Misapply *Garner v. Wolfinbarger*

Defendants argue that they did not voluntarily waive the attorney-client privilege by producing documents to Plaintiff in the Arbitration proceedings because Plaintiff had a right to view the documents pursuant and the rule established under Garner v. Wolfinbarger, 430 F.2d 1093 (5th Cir. 1970), and pursuant to Texas law. Defendants fail to acknowledge, however that the Garner doctrine requires a showing of good cause before a derivative claimant is afforded the opportunity to inspect documents that are otherwise privileged. Garner, 430 F.2d 1093, 1103-04;

accord In re Bairnco Corp. Sec. Litig., 148 F.R.D. 91 (S.D.N.Y. 1993). Despite Defendants' claim to the contrary,[1] Judge Katz duly noted the good cause requirement and determined that Defendants' belief that they would have been required to produce the documents in question based on the Garner doctrine was presumptuous at best. (Order at 9-10.) Further, though Defendants assert that "requiring" Plaintiff to obtain an order compelling production so Defendants may preserve their attorney-client privilege "encourages frivolous motion practice, delays litigation, increases the cost of litigation, and imposes unnecessary hardships" (Defs.' Objs. to the Magistrate Judge's Order Compelling Produc. of Att'y-Client Docs. ("Defs.' Objs.") at 5), it may also be said that such measures are necessary to preserve privilege such that Defendants may not later selectively assert it whenever they want, to the detriment of the other parties and the Court. See, e.g., In re Steinhardt Partners, L.P., 9 F.3d 230, 234-36 (2d Cir. 1993) (discussing the negative ramifications of the selective waiver theory in the context of work product and attorney-client privilege).

Moreover, with regard to Texas law, Defendants' initial objections before Judge Katz did not include citations to "any cases that articulate an automatic right of access to privileged documents in derivative suits under Texas law." (Order at 8.) Indeed, Defendants' objections before this Court still fail to provide any Texas case law supporting their notion of forced production. Rather, in a footnote, Defendants note that "Texas law specifically recognizes and grants limited partners the right to inspect documents and records that are kept by the limited partnership. Texas Revised Limited Partnership Act, Art. 6132a-1, Sec. 1.07(d), states, '[a] partner . . . may examine and copy . . . records required under this section.'" (Defs.' Objs. at 4

---

[1] Defendants incorrectly state that "[t]he Magistrate's Order . . . lacks any discussion or application of the Garner doctrine." (Defs.' Objs. at 5.)

n.1 (alterations in original).) However, the cited statute does not explicitly provide for an automatic right to review privileged materials and, in the absence of case law construing it in that fashion, the Court declines to find such an implicit right.

Therefore, since Defendants produced the documents in the earlier litigation, without first objecting or ascertaining whether Plaintiff indeed had an absolute right to access such documents, Judge Katz properly found that Defendants voluntarily waived the privilege. Accordingly, the Court finds that Judge Katz's determination that Defendants voluntarily waived the attorney-client privilege by producing certain documents in prior litigation was neither contrary to law nor clearly erroneous.

Defendants Waived the Privilege by Asserting the Advice-of-Counsel Defense in the Prior Litigation

Judge Katz also determined that Defendants, by raising an advice-of-counsel defense in the prior litigation, waived their attorney-client privilege with respect to the subject documents. (See Order at 12.) In their objection to this aspect of the Order, Defendants rely on Texas law as construed in Republic Ins. Co. v. Davis, 856 S.W.2d 158 (Tex. 1993), for the proposition that "a party does not waive privilege by merely asserting the advice-of-counsel defense." (Defs.' Objs. at 6.) Republic Insurance, deals, however, with waiver by "offensive use" of the privilege, rather than the advice-of-counsel defense, and holds that, for a waiver by "offensive use" to be found the party asserting the privilege must, among other things, have sought "affirmative relief." 856 S.W.2d at 163. Defendants contend that, since they did not seek affirmative relief, no waiver of privilege resulted from their assertion of the advice-of-counsel defense. (Defs.' Objs. at 6.)

Defendants reliance on Republic Insurance is misplaced for, as the Texas Supreme Court's discussion in that opinion makes clear, another key consideration in the offensive use waiver analysis is whether the party asserting the privilege put the privileged information into issue in the case. See Republic Ins. Co., 856 S.W.2d at 162-63, and n.11. By asserting an advice-of-counsel defense, Defendants clearly put the advice, and the reasonableness of their actions in light of the advice, into issue here. As Judge Katz correctly observed, "[a] party typically cannot raise an advice-of-counsel defense without waiving the attorney-client privilege." (Order at 11 (citing In re Grand Jury Proceedings, 219 F.3d at 182-83).) Indeed, Defendants' lawyers "testified [in the prior litigation] as to the [Defendants'] willingness to waive the privilege" in connection with their defense. (Id.) As Judge Katz recognized, "waiver of the privilege in one case renders it unavailable in later cases." (Id. at 12.) In light of these considerations, Judge Katz correctly determined that Defendants' prior invocation of the advice-of-counsel defense constituted a waiver of their privilege as to the subject documents in that and subsequent litigation.

## CONCLUSION

For the foregoing reasons, Defendants' motion to vacate Magistrate Judge Katz's October 19, 2004, Order granting Plaintiff's request to compel certain of Defendants' documents for production is denied. Defendants' request for a stay of Judge Katz's Order is denied.

Dated: New York, New York
July 12, 2005

LAURA TAYLOR SWAIN
United States District Judge