UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

URBAN BOX OFFICE NETWORK, INC.,

              Plaintiff,

-v-                                             No. 01 Civ. 8854 (LTS)(THK)

INTERFASE MANAGERS, L.P., et al.,

              Defendants.

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM ORDER

On September 24, 2004, Magistrate Judge Theodore H. Katz issued a Memorandum Opinion and Order ("Order") granting Plaintiff Urban Box Office Network, Inc.'s ("UBO" or "Plaintiff") motion requesting leave to amend its complaint in this breach of contract action. UBO sought to add three additional defendants, as well as three new causes of action to the complaint. Defendant Scott J. Hyten ("Hyten" or "Defendant") timely opposed Plaintiff's motion, asserting untimeliness and prejudice. Judge Katz determined that UBO's motion was neither untimely nor prejudicial, and thus denied Defendant's motion.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), Defendant timely served and filed his objections to Judge Katz's Order, arguing that the "Order is clearly erroneous and contrary to law," and therefore should be set aside. Upon careful consideration and a thorough review of Judge Katz's Order, the Court finds no clear legal or factual error and accordingly denies Defendant's request to vacate the Order.

Standard of Review

On January 27, 2004, this Court referred the instant action to Magistrate Judge Theodore H. Katz for general pretrial purposes, which includes scheduling, discovery, non-dispositive pretrial motions, and settlement. Such referral is in accordance with 28 U.S.C. § 636(b)(1)(A), which allows district judges, with some exceptions, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C.A. § 636(b)(1)(A) (West 2002). However, "[a] judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Id. Thus, pursuant to the Federal Rules of Civil Procedure, following a party's objection to a magistrate's order, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

A magistrate judge's order is "clearly erroneous" where "'on the entire evidence,' the [district court] is 'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234, 243 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Further, the clearly erroneous standard of review is "highly deferential[, and] . . . magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." Derthick v. Bassett-Walker, Inc., Nos. 90 Civ. 5427(JMC), 90 Civ. 7479(JMC), & 90 Civ. 3845(JMC), 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992).

Judge Katz's Order Utilized the Correct Legal Standard

Defendant objects to the Order on three grounds. Defendant's first objection to the Order is that an inappropriate legal standard was used in granting Plaintiff's request to amend its complaint. Specifically, Hyten argues that, in order to review a request to amend a complaint brought past the date provided for in a scheduling order, the court must follow the rule established under Federal Rule of Civil Procedure 16(b) ("Rule 16(b)"), that allows a party to change a court-instituted scheduling order, and thus amend a complaint after the deadline has passed, only if the party shows "good cause." Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."). Here, however, Defendant argues that Judge Katz considered Plaintiff's request under Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), which provides in pertinent part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

In Parker v. Columbia Pictures Indus., the Second Circuit considered for the first time the question of how a court reviewing an untimely motion to amend should balance the somewhat liberal standard of Rule 15(a) with the more stringent requirement of "good cause" under Rule 16(b). 204 F.3d 326 (2d Cir. 2000). The Parker Court determined "that[,] despite the lenient standard of Rule 15(a), a [] court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." Id. at 340.

Here, Judge Katz specifically considered the Rule 16(b) good cause standard as well as the Rule 15(a) standard, noting Plaintiff's representations concerning prior disclosure of the relevant facts in documents and as to when it became aware of the potential cause of action. (Order at 4-5.) His finding that Plaintiff's conduct was not intentionally dilatory and recognition of Plaintiff's proffer of "some cause" for the delay were made in the context of weighing diligence as a measure of good cause. (Id.) It cannot be said, therefore, that Judge Katz's decision was in clear error or contrary to law, as the Order took into consideration the question of good cause under Rule 16(b) as well as general Rule 15(a) criteria.

Judge Katz Did Not Err in Finding Plaintiff's Request Non-Prejudicial

Hyten asserts that Plaintiff's request for leave to amend its complaint "was, and is, extremely prejudicial," as the request was made "after extensive document production, after extensive preparation for trial, after several key depositions had been taken, and more than 5 months after the Court's scheduling deadline for amendment of the pleadings." (Def.'s Obj. at 4.) The Court does not find Judge Katz's determination that Plaintiff's request was not prejudicial clearly erroneous or contrary to law.

In order to determine whether Plaintiff's requested amendment would be unduly prejudicial to Defendants, a court should generally consider "whether the assertion of the new claim . . . would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" Monahan v. New York City Dept. of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (quoting Block v. First Blood

Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). The first two considerations are given more emphasis. Twisted Records, Inc. v. Rauhofer, No. 03 Civ. 2644(DF), 2005 WL 517328, at * 6 (S.D.N.Y. Mar. 3, 2005). Judge Katz expressly considered whether the amendment would require the expenditure of significant additional resources on discovery and thus delay unduly the litigation. He concluded that he "[did] not perceive great prejudice to Defendants if the proposed amendments [were] granted," primarily because Plaintiff's three additional claims "are premised on essentially the same facts and events which are the basis of the original breach of contract claim," and thus will not "require substantial additional documentary discovery" or "substantial additional [deposition] time." (Order at 7.) Judge Katz's determination that Plaintiff's requested amendments are non-prejudicial was neither clearly erroneous nor contrary to law.

The Order is Not Void

Defendant's final argument in opposition is that the Order is void for lack of jurisdiction, as "this Court has never referred non-dispositive motions to the Magistrate Judge." (Def.'s Obj. at 5.) Defendant's argument is entirely without merit. On January 27, 2004, the Court referred this case to Judge Katz for general pretrial matters,[1] a reference that is inclusive of non-dispositive motions. Thus, Plaintiff's motion to file an amended complaint was properly before Judge Katz, and his granting of that Order was neither clearly erroneous nor contrary to law on that basis.

---

[1] The January 27, 2004, general pretrial referral order is recorded on the docket of this case as entry number 65.

## CONCLUSION

For the foregoing reasons, Defendant's motion to vacate Judge Katz's September 24, 2004, Order granting Plaintiff's request for leave to file an amended complaint is denied, and Judge Katz's Order shall stand. The parties shall promptly confer with Judge Katz as to the completion of any remaining discovery.

SO ORDERED.

Dated: New York, New York
July 12, 2005

LAURA TAYLOR SWAIN
United States District Judge

MJ.Order1.wpd    version 7/11/05                                                                              6